UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:

HR NORTH DALE MABRY, LLC,                    CASE NO. 8:21-bk-01958-MGW
                                             Chapter 11
     Debtor.
_____/

HR NORTH DALE MABRY, LLC,                    Adv. Proc. No. 8:22-ap-__

    Plaintiff,

vs.

DALE MABRY PROPERTIES, LLC,
DALE MABRY CROSSINGS, LLC,
CHARTER SCHOOL PROPERTIES, INC., and
JOSEPH RAUENHORST,

    Defendants.
_____/

**COMPLAINT TO EQUITABLY SUBORDINATE SECURED
CLAIM OF DALE MABRY PROPERTIES, LLC, CLAIM NO. 5**

    HR NORTH DALE MABRY, LLC, ("Debtor" or "Plaintiff"), sues Defendants,

DALE MABRY PROPERTIES, LLC ("DMP"), DALE MABRY CROSSINGS, LLC

("DMC"), CHARTER SCHOOL PROPERTIES, INC. ("Charter"), and JOSEPH

RAUENHORST, and states:

**JURISDICTION AND VENUE**

    1.    This Court has subject matter jurisdiction over this adversary proceeding

pursuant to 28 U.S.C. §1334(b) and Federal Rules of Bankruptcy Procedure 7001(1), (7),

(8), (9) and (10).

2.      This proceeding is a core proceeding under 28 U.S.C. §§157(b)(2), including subparts (A), (B), (C), (E), (H) and (O).

3.      Venue in this district is proper pursuant to 28 U.S.C. §1409.

4.      The statutory predicate for the relief requested herein are sections 105, 541, 548, 510, 550 and 551 of the Bankruptcy Code.

**PARTIES**

5.      The Debtor filed a Voluntary Petition for Relief under Chapter 11, Subchapter V, on April 21, 2021 ("Petition Date").

6.      The Debtor is developing multi-acre commercial projects in Hillsborough County, Florida, which consists of two parcels located on North Dale Mabry Highway in Lutz, Florida, including recorded easements.   Parcel One is identified by its parcel identification number:   U-10-27-18-ZZZ-000000-51100.0 and its folio number: 013291-0550.   Parcel Two is identified by its parcel identification number: U-10-27-18-ZZZ-000000-51090.0 and folio number: 013291-0500.   Parcel One and Parcel Two shall be referred to hereafter as the "Property", which Property is owned by the Debtor.

7.      Claire Clements is the Debtor's sole principal.

8.      Dale Mabry Properties LLC ("DMP") is a Florida limited liability company, created in November 2012, with its principal place of business in Palm Beach County, Florida.

9.      Dale Mabry Crossings LLC ("DMC") is a Florida limited liability company, created on December 9, 2015, with its principal place of business in Palm Beach County, Florida.

10.     Charter School Properties, Inc. ("Charter") is a Florida corporation, incorporated on December 12, 2012, with its principal place of business in Palm Beach County, Florida.

11.     Charter is the managing member of both DMP and DMC.

12.     Joseph Rauenhorst is the registered agent for DMP, DMC and Chartered.

13.     Joseph Rauenhorst, DMP, DMC and Charter are affiliates and acted in concert or coordinated all their actions directed at the Debtor.

## BACKGROUND

14.     The Property as of the Petition Date was divided into four separate lots: A1, B1, C1, and C2.  The Debtor purchased A1, with seller financing, with the seller holding a mortgage on A1.  The Debtor purchased B1, with seller financing, with the seller holding a mortgage on B1.  Additional land that was to be fully controlled and developed by Debtor for the A1 and B1 properties was done via two easements, F and D2.  The owner of A1 is also the owner of Easement D2 and Easement F which are located on C1 and C2.  Easement D2 specifically grants the owner of A1 with sole development rights over the D2 property. Attached as Exhibit "A" is a demonstrative map of the parcels as of the Petition Date.

15.     The Debtor entered into a transaction where it sold C1 and C2 to DMC. DMC developed C1 and C2 into a charter school, and Debtor continued to own A1 and B1.

16.     There were several offsite improvements that needed to occur to benefit all four lots.  Therefore, as part of the C1 and C2 sale, Debtor and DMC agreed that DMC would finance and manage a number of offsite costs and would hold a mortgage on B1 for $337,000 (or less if the turn lane was not required and with the right of set off if the offsite costs were less than $600,000).

17.     DMC and/or it's affiliated party engaged in a series of actions that intentionally damaged the Debtor and its interest in any of the relevant property.  Attached as Exhibit "B" is a timeline of the parties' action and litigation.  Such actions include:

- DMC and/or Charter caused storm water to drain directly onto A1 and B1 without any permission to do so and flooded both A1, F, and D2 for an extended period of time, some of which is still occurring.

- DMC and/or Charter have not only submitted designs and plans to county departments that include unapproved development on land owned by the Debtor or in which the Debtor has sole full development rights, but DMC and/or Charter have actually effectuated such development over the objections of the Debtor.

- DMC and/or Charter communicated with SWFMD and increased the size of the wetland designation on A1, to provide their storm water pond with an outfall location which they did not have before. The wetlands outflow has cost the Debtor $2.0 million or more.

- DMC delayed in completing the offsite improvements.

- DMC took the soil from D2, which the Debtor has full development rights over, and used it to build some of the offsite road and some of the school building pad area and refused to acknowledge it and pay for it.

18.     Such bad faith actions damaged the Debtor's interest in the subject property as well as interfered with Debtor's ability to sell A1 and B1.

19.     On February 22, 2018, DMC commenced a foreclosure action against the Debtor, Claire Clements, and others on Parcel B1, in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida ("DMC Foreclosure Court"), Case No. 18-CA-01700 ("DMC Foreclosure Action").[1]

20.     In the DMC Foreclosure Action, the Debtor raised DMC's and its affiliates' bad acts, described in paragraph 17 as defenses.  After the Debtor successfully defended

---

[1] The Debtor removed the DMC Foreclosure Action, Adversary Proceeding No. 8:21-ap-216.

against DMC's motion for summary judgment in the DMC Foreclosure Action, DMP was created by Joseph Rauenhorst.

21.     On November 29, 2018, DMP acquired the original note and mortgage of the Liau Trust, which was original seller of A1 to the Debtor.

22.     On May 7, 2019, DMP commenced a foreclosure action against the Debtor, Claire Clements, and others for Parcel A1, in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida ("DMP Foreclosure Court"), Case No. 19-CA-004824 ("DMP Foreclosure Action").[2]

23.     In October 2019, the DMC Foreclosure Court ordered the parties to mediation.  The parties settled their disputes in mediation on November 4, 2019.  The mediated settlement was for $300,000, but DMC refused to accept the settled payment amount because of a purportedly undisclosed lot sale to DRP of Alabama, Inc. ("DRP") which had intended to build a Sherwin Williams store.

24.     On February 12, 2020, DMC initiated another foreclosure action against DRP on the same Parcel B1, in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida ("DRP Foreclosure Court"), Case No. 19-CA-004824 ("DRP Foreclosure Action").

25.     The DRP Foreclosure Action was consolidated with the DMC Foreclosure Action.

26.     The Debtor had already escrowed $507,278.83 (less Clerk fees) in the court's registry in the DMC Foreclosure Case for payoff to DMC from the sale to DRP.  Instead, DMC sought $686,270.75 for its payoff, even though it was entitled to less than the

---

[2] The Debtor removed the DMP Foreclosure Action, Adversary Proceeding No. 8:21-ap-215.

$337,000 if anything at all. Considering DMC's refusal to release the mortgage, notwithstanding their settlement, the title company, First American Title Insurance Company, ("FATIC") paid the difference of $186,608.60 in December 2020.

27.     In turn, the Debtor became obligated to FATIC for that amount at ten percent interest. FATIC filed its claim, Claim No. 6 in the Debtor's case in the amount of $196,016.52 ("FATIC Claim").

28.     On February 9, 2021, the parties filed their Joint Stipulation for Dismissal and Discharge of Lis Pendens ("Stipulation for Dismissal") in the DMC Foreclosure Case. Attached as <u>Exhibit "C"</u> is a copy of the Stipulation for Dismissal. The Stipulation for Dismissal dismisses and/or addressed the following specifically:

    a.  Dismissal of Counts I, II, and III of the Amended Complaint filed by DMC in the DMC Foreclosure Case with prejudice;
    b.  Dismissal of Counts IV through XI of the Amended Complaint filed by DMC in the DMC Foreclosure Case without prejudice;
    c.  Dismissal of DRP Foreclosure Action with prejudice;
    d.  Agreement that Plaintiff's attorneys' fees and costs were paid by Defendants through December 31, 2020;
    e.  Stipulation that the Parties otherwise bear their own attorneys' fees and costs; and
    f.  Discharge of the *lis pendens* recorded on April 19, 2018 in the Official Records of Hillsborough County as Instrument # 2018152690 and the lis pendens recorded on February 28, 2020 in the Official Records of Hillsborough County as Instrument #2020072429.

29.     Importantly, the DMC Foreclosure Court never ruled upon the Debtor's defenses. Further, ultimately there was <u>no</u> settlement and DMC obtained the full amount it sought for the release of its liens, outstanding that the Debtor did not agree with the amount. As of the Petition Date, the Debtor failed to obtain a satisfactory accounting from DMC.

30.     The Debtor and Claire Clements never agreed to release any of their claims against DMC, DMP and Joseph Rauenhorst. The Debtor removed the DMC Foreclosure

Action to this Court.  The last item in the DMC Foreclosure Action was an Order Scheduling Case Management Conference.  Attached as <u>Exhibit "D"</u> is a copy of the Docket for the DMC Foreclosure Action.

31.    The DMC Foreclosure Action was undisputedly open when the action was removed to this Court.

32.    Meanwhile in the DMP Foreclosure Action, the Debtor filed its Counterclaim and Third Party Complaint ("Counterclaim and Third Party Complaint") after the DMP Foreclosure Court expressly granted authority to do so on March 26, 2020. Attached as <u>Exhibit "E"</u> is a copy of the Counterclaim and Third-Party Complaint and attached as <u>Exhibit "F"</u> is the docket for the DMP Foreclosure Action.

33.    On or about September 10, 2020, the Court in the DMP Foreclosure Case severed the Counterclaim and Third-Party Complaint and gave the Debtor 30 days to transfer them to the DMC Foreclosure Action or they would be dismissed.

34.    The Debtor appealed this ruling to the District Court of Appeals and while the appeal was pending, it sought and obtained an extension to file its motion to transfer the Counterclaim and Third-Party Complaint.  The subject of the Debtor's appeal was the location of the counter and third-party complaints—not the validity of the counter and third-party claims.

35.    The Debtor timely filed its Motion to Transfer ("Motion to Transfer") on November 2, 2020. A copy of all three pleadings is attached as Composite "<u>Exhibit G</u>."

36.    No further order has been entered on the Motion to Transfer, which makes practical sense since the Petition for Certiorari was not resolved until March 26, 2021.  The

practical effect is that the counterclaims and third-party claims remain active within the Foreclosure Action until the Motion to Transfer is resolved.

37.     It is undisputed that the courts in both the DMP Foreclosure Action and the DMC Foreclosure Action have never ruled upon the Debtor's Counterclaim and Third-Party Complaint.

38.     DMP obtained a foreclosure judgment on February 19, 2021.

39.     DMP filed its secured claim, Claim Number 5, in the amount of $1,958,198.82 based upon its foreclosure judgment ("DMP Claim").

40.     DRP's counsel has demanded a recission of its sale contract with the Debtor because the Debtor can no longer provide the necessary easements or entitlements for Sherman Williams' trucks to access the property. The Debtor has agreed to the recission and will seek the necessary court approvals. The Debtor's falling out with DRP is directly caused by the bad faith actions of DMC.

## COUNT I – EQUITABLE SUBORDINATION

41.     Paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42.     Section 510(c) of the Bankruptcy Code provides, in relevant part:

> the court may—
> (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest;
>
> 11 U.S.C. §510(c).

43.     Subordination is an equitable power and is therefore governed by equitable principles. A claim will not be subordinated unless it is shown that the claimant has acted

inequitably during his relationship with the debtor and that those actions have harmed the debtor or his other creditors in some way.

44. The Defendants engaged in inequitable conduct that harmed the debtor and other creditors. The Defendants acted in bad faith.

45. Such conduct resulted in injury to the Debtor's other creditors and / or conferred an unfair advantage on the Defendants.

46. Subordination of DMP's claim is not inconsistent with the Bankruptcy Code.

**WHEREFORE**, the Debtor seeks an Order subordinating the DMP's Secured claim to FATIC's Claim and all the associated fees and costs relating to the unfair and inequitable actions of Joseph Rauenhorst's entities, DMP, DMC and Charter, and for any and other relief that the Court deems just and appropriate.

Dated: January 11, 2022

 /s/  Angelina E. Lim
Angelina E. Lim; FBN: 0158313
AngelinaL@JPFirm.com
Caitlein J. Jammo; FBN: 0105257
CaitleinJ@JPFirm.com
Johnson, Pope, Bokor, Ruppel & Burns, LLP
401 E. Jackson Street, Suite 3100
Tampa, FL 33602
Telephone: (813) 225-2500
Facsimile:  (813) 223-7118
Counsel for the Debtor

7263382_2



## NDM MASTER PARCEL EXHIBIT

EXHIBIT "A"





OFF SITE WORK; ONLY IN RIGHT OF WAY EXCEPT WHERE
THE PIPES WERE TO RUN ALONG E AND F DOG LEGS TILL THEY REACHED THE SCHOOL PROPERTY, C. THEY DID NOT COMPLETE THE WORK, AND NEVER RAN THE SHARED WATER AND SEWER LINES ALONG E AND F.

THE 337K CASE COVERED THE OFF SITE COSTS TO DO THE OFF SITE WORK. THIS PICTURE CLEARLY SHOWS YOU WHERE THE OFF SITE WORK WAS TO OCCUR. 1. IN THE PUBLIC RIGHT OF WAY OF NORTH DALE MABRY HWY AND 2. PIPES WERE TO RUN DOWN E AND F TILL IT REACHED PARCEL C, THE SCHOOL. THIS DID NOT HAPPEN.

WATER AND SEWER LINES WERE TO RUN HERE DOWN E AND F UNTIL THEY REACHED PARCEL C, THE SCHOOL. THIS DID NOT HAPPEN.

PARCEL C, THE SCHOOL

THE CASE INVOLVING PARCEL A1, RELATES TO DAMAGES FROM THE SCHOOL CONSTRUCTION INCLUDING REMOVING THE DIRT AND LEAVING A FLOODED HOLE ON D2 FOR OVER A YEAR AND USING THE DIRT TO BUILD THE SCHOOLS ROAD AND SITE. PLUS OVERLAPING THIER DESIGN ONTO D2 AND THEIR MORTGAGE OF THE SCHOOL.

PARCEL A1 IS APPURTENANT TO D2. PARCEL B1 IS ALSO APPURTENANT TO D2.

SWFWMD PERMIT # 407155.000 MODIFICATION PROJECT AREA

SWFWMD PERMIT # 43042469.001 PROJECT AREA

NOT INCLUDED

E

NOT INCLUDED

PARCEL A1

F

C

CHARTER SCHOOL

D2

DMC Action (Case No. 18-CA-001700) (B1 Parcel)

DMP Action (Case No. 19-CA-4824) (A1 Parcel)

| | |
|---|---|
| December 11, 2015 | Original transaction where the parties got their respective interest in the subject parcels |
| December 14, 2015 | Rauenhorst-Related Entity submitted a site plan with its storm water on HR North's D2 easement |
| March 20, 2016 | Rauenhorst-Related Entity created water outfall so that HR North's parcels and easements were flooded |
| March 28, 2016 | Rauenhorst-Related Entity removed dirt from HR North's D2 easement and used it to build entrance road and school pad |
| August 24, 2016 | Rauenhorst-Related Entity encumbered HR North's D2 and F easements |
| Throughout 2016 | Delays is completion of off-site construction |
| November 16, 2017 | DMC provided purported accounting with backup that includes costs not appropriately assessed against HR North |
| February 22, 2018 | DMC Action - Filed |
| November 5, 2018 | DMP created |
| May 7, 2019 | DMP Action - Filed |
| September 15, 2019 | DMC's counsel payoff letter to Debtor's counsel totaling $501,462.04 (detailing $337,000.00 in principal, interest at default interest from 12/11/2015 to 9/15/2019 @ 92.33 per day of $126,861.42; legal fees of $37,600.62). |
| September 25, 2019 | DRP purchased lot. |
| October 15, 2019 | DMC Action - Order Directing the Parties to mediation |
| November 4, 2019 | DMC Action - Mediation |
| December 6, 2019 | Rauenhorst-Related Entity emails mortgage holder to purchase first note/mortgage on HR North parcel |
| January 3, 2020 | DMC Action – Motion to Enforce Settlement Agreement |
| March 26, 2020 | DMP Action – Order Deeming Counterclaim and Third-Party Complaint Filed |
| March 30, 2020 | DMC Action – Initial Hearing on Motion to Enforce Settlement Agreement |
| April 15, 2020 | DMP Action – Answer Filed |
| July 6, 2020 | DMP Action – Motion to Dismiss Filed |
| September 10, 2020 | DMP Action – Order Granting Motion to Dismiss |
| October 12, 2020 | DMP Action – Motion for Extension of Time to File Motion to Transfer |
| October 12, 2020 | DMP Action – Certiorari Petition Filed |
| October 12, 2020 | DMP Action – Motion for Reconsideration Filed |
| October 22, 2020 | DMP Action – Order Denying Motion for Reconsideration and Granting Motion for Extension of Time in Part |
| November 2, 2020 | DMP Action – Motion to Transfer Counterclaim and Third-Party Complaint |
| November 17, 2020 | DMC Action – Continued Hearing on Motion to Enforce Settlement Agreement |
| November 19, 2020 | DMC Action – Order Denying Motion to Enforce Settlement Agreement |
| December 22, 2020 | DMC Action – Order Approving Stipulation for Release of Registry Funds |

EXHIBIT "B"

| February 9, 2021 | DMC Action – Stipulation for Dismissal |
| February 19, 2021 | DMP Action – Final Judgment of Foreclosure |
| March 26, 2021 | DMP Action – Certiorari Petition Denied |

\*        Due to the confidential nature of the contracts, the facts regarding the alleged tortious interferences are not on this timeline

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

DALE MABRY CROSSINGS, LLC, a Florida
limited liability company,

Plaintiff,

             vs.

HR NORTH DALE MABRY LLC, a Florida
limited liability company; and CLAIRE
CLEMENTS, an individual; and UNKNOWN
TENANT,

Defendants.

Case No.: 18-CA-001700
Division: A

_____/

DALE MABRY CROSSINGS, LLC, a Florida
limited liability company,

      Plaintiff,

vs.

DRP COMPANY OF ALABAMA, INC. a
Florida Corporation; and UNKNOWN
TENANT,

Defendants.

Consolidated Case
Case No.: 20-CA-001352

_____/

## JOINT STIPULATION FOR DISMISSAL, AND DISCHARGE OF LIS PENDENS

      COME NOW, the Plaintiff, Dale Mabry Crossings, LLC, and Defendants, HR North Dale

Mabry LLC, Claire Clements, HR Tampa Bay LLC, and DRP Company of Alabama, Inc.

("Defendants") (collectively, the "Parties"), by and through their undersigned counsel and pursuant

to Rule 1.420(a)(1), Florida Rules of Civil Procedure, and hereby stipulate to the dismissal with

prejudice of Counts I, II, and III of the Amended Complaint in Case No. 18-CA-001700, dismissal

without prejudice of Counts IV through XI of the Amended Complaint in Case No. 18-CA-001700,

EXHIBIT "C"

and dismissal with prejudice of Case No. 20-CA-001352. The Parties stipulate and agree that Plaintiff's attorneys' fees and costs were paid by Defendants through December 31, 2020, and the Parties otherwise stipulate to bearing their own attorneys' fees and costs. Further, the Parties stipulate to the discharge of the lis pendens recorded on April 19, 2018 in the Official Records of Hillsborough County as Instrument # 2018152690 and the lis pendens recorded on February 28, 2020 in the Official Records of Hillsborough County as Instrument #2020072429.

s/*Shane T. Costello*
Shane T. Costello, Esq.
Florida Bar Certified, Business Litigation
Fla. Bar No.: 068538
A. Evan Dix, Esq.
Fla. Bar No. 1003435
HILL, WARD, & HENDERSON, P.A.
101 E. Kennedy Blvd, Ste 3700
Tampa, FL 33602
shane.costello@hwhlaw.com
melissa.huff@hwhlaw.com
evan.dix@hwhlaw.com
billie.wallis@hwhlaw.com
Counsel for Plaintiff Dale Mabry Crossings, LLC

s/ *Caitlein J. Jammo*
Caitlein J. Jammo, Esq.
Fla Bar No.: 00105257
JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP
911 Chestnut Street
Clearwater, FL 33756
caitleinj@jpfirm.com
susanu@jpfirm.com
Counsel for Defendants HR North Dale Mabry LLC, Claire Clements and HR Tampa Bay LLC

s/ *Jessica E. Loshin*
Jessica E. Loshin, Esq.
Fla. Bar No.:  58412
**First American Law Group**
7650 W. Courtney Campbell Causeway
Suite 1150
Tampa, FL 33607
813-466-3880
jloshin@firstam.com
flservice@firstam.com
Counsel for Defendant, DRP Company of Alabama, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on **February 9, 2021** by email through the E-Portal to all counsel of record.

<u>s/ <i>Shane T. Costello</i></u><br>
Attorney

# Case Information

| Case Number: 18-CA-001700 |
|---|
| Uniform Case Number: 292018CA001700A001HC |
| Dale Mabry Crossings, LLC vs HR North Dale Mabry LLC |

🔒 Icon Keys    📊 Summary    👥 Parties    📋 Events\Documents    💲 Financial

📁 File Location    📒 Related Cases

Filter Events Dates:

| From |
|---|
| |

| To |
|---|
| |

Filter ▽

Show 250 entries    Column visibility    Excel    CSV          Search: _____

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| ⬇ | 187 | 06/30/2021 | NOTICE OF REMOVAL TO FEDERAL COURT | FOR BANKRUPTCY 8:21-BK-1958-MGW. | 📄 | 🛒 |
| ⬇ | 188 | 06/30/2021 | EXHIBIT | | 🔄 | |
| ⬇ | 186 | 02/19/2021 | ORDER SCHEDULING CASE MANAGEMENT CONFERENCE | 03/09/21 AT 1:30 PM VIA ZOOM | 📄 | 🛒 |
| ⬇ | 185 | 02/09/2021 | JOINT STIPULATION | | 📄 | 🛒 |

EXHIBIT "D"

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 183 | 02/05/2021 | FILE AT RC - SEND TO CSC - ROOM #101 | User: Public, General with Email: Anonymous@hillsclerk.com. Documents Requested: Anonymous@hillsclerk.com | | |
| | 184 | 02/05/2021 | FILE NOT FOUND | | | |
| ⬇ | 182 | 01/15/2021 | NOTICE OF HEARING | ZOOM - PRE-TRIAL CONFERENCE FOR NON-JURY TRIAL | 📄 | 🛒 |
| ⬇ | 181 | 12/31/2020 | NOTICE OF CANCELLATION | OF HEARING | 📄 | 🛒 |
| ⬇ | 178 | 12/22/2020 | ORDER APPROVING STIPULATION | APPROVING JOINT STIPULATION FOR RELEASE OF FUNDS FROM COURT REGISTRY AND DIRECTING RELEASE OF FUNDS - SENT TO ACCOUNTING | 📄 | 🛒 |
| ⬇ | 179 | 12/22/2020 | ORDER APPROVING STIPULATION | FOR RELEASE OF FUNDS FROM COURT REGISTRY AND DIRECTING RELEASE OF FUNDS AS STATED AND SET FORTH HEREIN // SENT TO ACCT'G - SED | 📄 | 🛒 |
| ⬇ | 180 | 12/22/2020 | NOTICE OF HEARING | DFDT'S MOTION TO AMEND ANSWER | 📄 | 🛒 |
| ⬇ | 177 | 12/21/2020 | JOINT STIPULATION | | 📄 | 🛒 |
| ⬇ | 176 | 12/16/2020 | AMENDED NOTICE OF TAKING DEPOSITION | | 📄 | 🛒 |
| ⬇ | 175 | 12/11/2020 | MOTION FOR LEAVE TO AMEND | | 📄 | 🛒 |
| ⬇ | 174 | 12/08/2020 | AMENDED NOTICE OF TAKING DEPOSITION | | 📄 | 🛒 |
| ⬇ | 173 | 12/04/2020 | AMENDED WITNESS LIST | | 📄 | 🛒 |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|--------|----------------|---------------------|------------------|---------|-------|---------|
| | 170 | 11/19/2020 | ORDER DENYING MOTION | FOR SUMMARY JUDGMENT | | |
| | 171 | 11/19/2020 | ORDER DENYING MOTION | TO ENFORCE MEDIATION SETTLEMENT AGREEMENT | | |
| | 172 | 11/19/2020 | NOTICE OF TAKING DEPOSITION | | | |
| | 168 | 11/18/2020 | WITNESS LIST | | | |
| | 169 | 11/18/2020 | WITNESS LIST | | | |
| | 163 | 11/12/2020 | NOTICE OF FILING | DESIGNATING MATERIALS IN OPPOSITION TO DEFT'S MOTION FOR SUMMARY JUDGMENT | | |
| | 164 | 11/12/2020 | EXHIBIT | ( COMPOISTE A ) FILING # 116541751 | | |
| | 165 | 11/12/2020 | EXHIBIT | ( COMPOSITE B) FILING # 116541751 | | |
| | 166 | 11/12/2020 | EXHIBIT | ( C ) FILING # 116541751 | | |
| | 167 | 11/12/2020 | EXHIBIT | ( D ) FILING # 116541751 | | |
| | 162 | 11/05/2020 | AMENDED WITNESS LIST | | | |
| | 160 | 10/29/2020 | NOTICE OF TAKING DEPOSITION | | | |
| | 161 | 10/29/2020 | WITNESS LIST | | | |
| | 159 | 10/28/2020 | NOTICE OF HEARING | (THIRD AMENDED) November 17, 2020, at 2:30 P.M | | |
| | 158 | 10/27/2020 | NOTICE OF TAKING VIDEO DEPOSITION | | | |
| | 156 | 10/26/2020 | MOTION TO - FOR | SUMMARY JUDGMENT | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 157 | 10/26/2020 | EXHIBIT | | | |
| | 155 | 10/07/2020 | NOTICE OF TAKING VIDEO DEPOSITION | | | |
| | 154 | 09/16/2020 | AMENDED NOTICE OF HEARING | (SECOND) November 17, 2020, at 2:30 p.m. | | |
| | 153 | 09/04/2020 | ORDER SETTING PRE TRIAL AND NON JURY TRIAL | PTC 1/27/21 @ 10:00 AM - NON-JURY TRIAL WEEK OF 2/15-16/21 @ 9:30 AM | | |
| | 151 | 09/02/2020 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES | | | |
| | 152 | 09/02/2020 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES | | | |
| | 150 | 08/28/2020 | NOTICE OF PRODUCTION | | | |
| | 145 | 08/27/2020 | MOTION FOR ORDER TO SHOW CAUSE | | | |
| | 146 | 08/27/2020 | EXHIBIT | EXHIBIT A | | |
| | 147 | 08/27/2020 | EXHIBIT | EXHIBIT B | | |
| | 148 | 08/27/2020 | EXHIBIT | EXHIBIT C | | |
| | 149 | 08/27/2020 | EXHIBIT | EXHIBIT D | | |
| | 144 | 08/18/2020 | NOTICE OF CANCELLING HEARING | | | |
| | 143 | 08/10/2020 | MOTION FOR EXTENSION OF TIME | | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 140 | 08/03/2020 | AMENDED NOTICE OF HEARING | DEFENDAN'T MOTION TO ENFORCE SETTLEMENT | | |
| | 141 | 08/03/2020 | ORDER GRANTING MOTION TO COMPEL | AND FOR DISCOVERY SANCTIONS AS TO SECOND SET OF DISCOVERY FILED MAY 26, 2020 | | |
| | 142 | 08/03/2020 | ORDER GRANTING MOTION TO COMPEL | AND FOR DISCOVERY SANCTIONS FILED APRIL 23, 2020 | | |
| | 139 | 07/29/2020 | AMENDED NOTICE OF HEARING | PLAINTIFF'S MOTION TO COMPEL AND FOR DISCOVERY SANCTIONS AND PLAINTIFF'S MOTION TO COMPEL ABD DISCOVERY SANCTIONS AS TO SECOND SET OF DISCOVERY | | |
| | 138 | 07/07/2020 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES | | | |
| | 135 | 07/02/2020 | RESPONSE TO REQUEST FOR ADMISSIONS | | | |
| | 136 | 07/02/2020 | RESPONSE TO REQUEST FOR PRODUCTION | | | |
| | 137 | 07/02/2020 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES | | | |
| | 134 | 06/22/2020 | RESPONSE TO REQUEST TO PRODUCE | | | |
| | 133 | 06/18/2020 | RESPONSE TO REQUEST FOR PRODUCTION | | | |
| | 131 | 06/08/2020 | NOTICE OF APPEARANCE | | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 132 | 06/08/2020 | AGREED ORDER | GRANTING DEFENDANT DRP COMPANY OF ALABAMA, INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S REQUEST FOR PRODUCTION 06/08/20 CKT | | |
| | 130 | 06/04/2020 | MOTION FOR EXTENSION OF TIME | TO RESPOND TO PLTFS REQUEST FOR PRODUCTION | | |
| | 124 | 06/02/2020 | NOTICE OF SERVICE OF INTERROGATORIES | | | |
| | 125 | 06/02/2020 | REQUEST FOR PRODUCTION | | | |
| | 126 | 06/02/2020 | REQUEST FOR ADMISSIONS | | | |
| | 127 | 06/02/2020 | EXHIBIT | EXHIBIT A | | |
| | 128 | 06/02/2020 | EXHIBIT | EXHIBIT B | | |
| | 129 | 06/02/2020 | EXHIBIT | EXHIBIT C | | |
| | 123 | 06/01/2020 | AMENDED NOTICE OF HEARING | | | |
| | 121 | 05/28/2020 | REPLY | | | |
| | 122 | 05/28/2020 | REPLY | | | |
| | 116 | 05/26/2020 | MOTION TO COMPEL DISCOVERY | | | |
| | 117 | 05/26/2020 | EXHIBIT | EXHIBIT A | | |
| | 118 | 05/26/2020 | EXHIBIT | EXHIBIT B | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|--------|---------------|---------------------|------------------|---------|-------|---------|
| ⬇ | 119 | 05/26/2020 | EXHIBIT | EXHIBIT C | 📄 | 🛒 |
| ⬇ | 120 | 05/26/2020 | AGREED ORDER | GRANTING DEFENDANT DRP COMPANY OF ALABAMA, INC.'S MOTION TO AMEND ANSWER | 📄 | 🛒 |
| ⬇ | 115 | 05/21/2020 | AMENDED ANSWER | | 📄 | 🛒 |
| ⬇ | 114 | 05/19/2020 | MOTION TO AMEND | ANSWER | 📄 | 🛒 |
| ⬇ | 113 | 05/14/2020 | NOTICE TO SET FOR TRIAL | | 📄 | 🛒 |
| | 111 | 05/12/2020 | LETTER TO CLERK FROM | DEFT'S ATTY'S | 📄 | 🛒 |
| | 112 | 05/12/2020 | DEPOSIT IN REGISTRY OF COURT | $499,662.15 - CLERK'S FEES $7616.68 = $507,278.83 TOTAL DEPOSIT | 📄 | 🛒 |
| ⬇ | 110 | 05/11/2020 | ANSWER TO AMENDED COMPLAINT | | 📄 | 🛒 |
| ⬇ | 108 | 05/08/2020 | REQUEST FOR PRODUCTION | | 📄 | 🛒 |
| ⬇ | 109 | 05/08/2020 | REQUEST FOR PRODUCTION | | 📄 | 🛒 |
| ⬇ | 107 | 05/06/2020 | NOTICE OF HEARING | | 📄 | 🛒 |
| ⬇ | 105 | 05/04/2020 | RESPONSE TO REQUEST FOR PRODUCTION | | 📄 | 🛒 |
| ⬇ | 106 | 05/04/2020 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES | | 📄 | 🛒 |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 102 | 05/01/2020 | ORDER GRANTING MOTION TO - FOR | ORDER GRANTING DEFENDANTS' MOTION TO DEPOSIT MONEY INTO COURT REGISTRY; GRANTED. JUDGE C.K.THOMAS 05/01/2020 | | |
| | 103 | 05/01/2020 | ORDER | DEEMING PLTF'S AMENDED COMPLAINT FILED | | |
| | 104 | 05/01/2020 | NOTICE OF HEARING | DEFENDANT'S MOTION TO ENFORCE SETTLEMENT | | |
| | 100 | 04/29/2020 | MOTION | TO DEPOSIT MONEY | | |
| | 89 | 04/23/2020 | MOTION TO COMPEL DISCOVERY | | | |
| | 90 | 04/23/2020 | EXHIBIT | EXHIBIT A | | |
| | 91 | 04/23/2020 | EXHIBIT | EXHIBIT B | | |
| | 92 | 04/23/2020 | EXHIBIT | EXHIBIT C | | |
| | 93 | 04/23/2020 | EXHIBIT | EXHIBIT D | | |
| | 94 | 04/23/2020 | EXHIBIT | EXHIBIT E | | |
| | 95 | 04/23/2020 | MOTION TO COMPEL DISCOVERY | | | |
| | 96 | 04/23/2020 | EXHIBIT | EXHIBIT A | | |
| | 97 | 04/23/2020 | EXHIBIT | EXHIBIT B | | |
| | 98 | 04/23/2020 | EXHIBIT | EXHIBIT C | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 99 | 04/23/2020 | ORDER GRANTING MOTION TO COMPEL | DISCOVERY | | |
| | 88 | 04/16/2020 | AMENDED NOTICE OF HEARING | *TELEPHONIC* | | |
| | 87 | 04/10/2020 | NOTICE DISCHARGING LIS PENDENS | OF TELEPHONIC CASE MANAGEMENT CONFERENCE | | |
| | 86 | 04/07/2020 | ORDER GRANTING MOTION TO - FOR | LEAVE TO AMEND COMPLAINT | | |
| | 85 | 04/03/2020 | ALL PAPERS TRANSFERRED FROM OR TO | 20-CA-1700 AVAILABLE ON SUMMARY TAB UNDER RELATED CASES | | |
| | 84 | 04/02/2020 | ORDER GRANTING MOTION TO - FOR | INTERVENE AND MOTION TO CONSOLIDATE (20-CA-1352 INTO 18-CA-1700) AND TRANSFER CASE | | |
| | 83 | 03/27/2020 | AMENDED NOTICE OF HEARING | DEFENDANT'S MOTION TO ENFORCE MEDIATION SETTLEMENT AGREEMENT | | |
| | 82 | 03/25/2020 | MOTION TO INTERVENE | AND MOTION TO CONSOLIDATE AND TRANSFER CASE | | |
| | 75 | 02/20/2020 | MOTION FOR LEAVE TO AMEND | | | |
| | 76 | 02/20/2020 | AMENDED COMPLAINT | WAITING FOR ORDER | | |
| | 77 | 02/20/2020 | REQUEST FOR PRODUCTION | | | |
| | 78 | 02/20/2020 | NOTICE OF SERVICE OF INTERROGATORIES | | | |
| | 79 | 02/20/2020 | AFFIDAVIT OF SERVICE OF PROCESS | SERVED ON DRP COMPANY OF ALABAMA INC - 2/19/2020 | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|--------|----------------|---------------------|------------------|---------|-------|---------|
| | 80 | 02/20/2020 | NOTICE OF HEARING | | | |
| | 81 | 02/20/2020 | NOTICE OF HEARING | | | |
| | 74 | 01/17/2020 | NOTICE OF APPEARANCE | | | |
| | 72 | 01/13/2020 | RESPONSE IN OPPOSITION TO | | | |
| | 73 | 01/13/2020 | EXHIBIT | | | |
| | 68 | 01/03/2020 | MOTION TO ENFORCE SETTLEMENT AGREEMENT | | | |
| | 69 | 01/03/2020 | EXHIBIT | EXHIBIT A | | |
| | 70 | 01/03/2020 | EXHIBIT | EXHIBIT B | | |
| | 71 | 01/03/2020 | EXHIBIT | EXHIBIT C | | |
| | 67 | 11/08/2019 | MEDIATION RESULTS REPORT | | | |
| | 66 | 11/06/2019 | NOTICE OF CANCELLATION | OF HEARING SCHEUDLED FOR 11/07/19 AT 11:00 AM | | |
| | 65 | 10/30/2019 | NOTICE OF HEARING | ORDER TO SHOW CAUSE | | |
| | 60 | 10/15/2019 | ORDER DIRECTING | THE PARTIES TO MEDIATION | | |
| | 58 | 10/14/2019 | NOTICE OF TAKING DEPOSITION | | | |
| | 59 | 10/14/2019 | AMENDED NOTICE OF TAKING DEPOSITION | | | |
| | 61 | 10/14/2019 | MOTION FOR ORDER TO SHOW CAUSE | | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|--------|---------------|---------------------|------------------|---------|-------|---------|
| ⬇ | 62 | 10/14/2019 | EXHIBIT | EXHIBIT A | 🔄 | |
| ⬇ | 63 | 10/14/2019 | EXHIBIT | EXHIBIT B | 🔄 | |
| ⬇ | 64 | 10/14/2019 | EXHIBIT | EXHIBIT C | 📄 | 🛒 |
| ⬇ | 57 | 10/07/2019 | NOTICE OF TAKING DEPOSITION | | 📄 | 🛒 |
| ⬇ | 54 | 09/23/2019 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES | | 📄 | 🛒 |
| ⬇ | 55 | 09/23/2019 | RESPONSE TO REQUEST FOR PRODUCTION | | 📄 | 🛒 |
| ⬇ | 56 | 09/23/2019 | RESPONSE TO REQUEST FOR ADMISSIONS | | 🔄 | |
| ⬇ | 53 | 09/12/2019 | ORDER GRANTING MOTION TO COMPEL | | 📄 | 🛒 |
| ⬇ | 52 | 06/12/2019 | NOTICE OF HEARING | OF PRE-TRIAL CONFERENCE | 📄 | 🛒 |
| ⬇ | 51 | 05/21/2019 | NOTICE OF TAKING DEPOSITION | | 📄 | 🛒 |
| | 49 | 05/13/2019 | JUDGE'S COPIES OF PLEADINGS | | 📄 | 🛒 |
| ⬇ | 50 | 05/13/2019 | NOTICE OF NON-AVAILABILITY | | 📄 | 🛒 |
| ⬇ | 48 | 04/26/2019 | NOTICE OF TAKING DEPOSITION | | 📄 | 🛒 |
| ⬇ | 41 | 04/24/2019 | MOTION TO COMPEL | PLT | 📄 | 🛒 |
| ⬇ | 42 | 04/24/2019 | EXHIBIT | "A" - PLAINTIFF S FIRST REQUEST FOR PRODUCTION | 📄 | 🛒 |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 43 | 04/24/2019 | EXHIBIT | "B" - PLAINTIFF'S FIRST REQUESTS FOR ADMISSION | | |
| | 44 | 04/24/2019 | EXHIBIT | "C" - PLAINTIFF S FIRST SET OF INTERROGATORIES | | |
| | 45 | 04/24/2019 | EXHIBIT | "D" - DEFENDANTS MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY | | |
| | 46 | 04/24/2019 | EXHIBIT | "E" - EMAILS | | |
| | 47 | 04/24/2019 | EXHIBIT | "F" - EMAILS | | |
| | 40 | 12/12/2018 | MOTION FOR ENLARGEMENT OF TIME | TO RESPOND TO DISCOVERY | | |
| | 39 | 11/07/2018 | NOTICE OF SERVICE | | | |
| | 38 | 10/30/2018 | NOTICE TO SET FOR TRIAL | | | |
| | 37 | 07/26/2018 | ORDER DENYING MOTION | FOR SUMMARY JUDGMENT OF FORECLOSURE 07/26/18 CKT | | |
| | 36 | 06/26/2018 | NOTICE OF HEARING | RESCHEDULED HEARING FOR 07/10/18 AT 1:30 PPM | | |
| | 35 | 06/22/2018 | NOTICE OF FILING | DEFENDANT CLAIRE HORNBUCKLE CELMENTS; AFFIDAVIT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT | | |
| | 34 | 06/21/2018 | CERTIFICATE OF COMPLIANCE WITH FORECLOSURE PROCEDURES | | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| ⬇ | 31 | 06/19/2018 | NOTICE OF FILING | ATTACHED ORIGINAL NOTE (RECEIVED 6/19/18) | | |
| ⬇ | 32 | 06/19/2018 | NOTICE OF FILING | ORIGINAL NOTE | 🔄 | |
| ⬇ | 32 | 06/19/2018 | NOTICE OF FILING | ORIGINAL NOTE | 🔄 | |
| ⬇ | 33 | 06/19/2018 | EXHIBIT | **A** TO NOTICE OF FIING ORIGINAL NOTE FILING # 73780908 | 📝 | 🛒 |
| ⬇ | 29 | 06/05/2018 | AFFIDAVIT OF COUNSEL OF RECORD | | 🔄 | |
| ⬇ | 30 | 06/05/2018 | AFFIDAVIT AS TO ATTORNEY FEES | | 🔄 | |
| | 28 | 05/02/2018 | NOTICE OF HEARING | SET FOR 6/26/18 @ 9:30 A.M. | 📝 | 🛒 |
| ⬇ | 22 | 04/30/2018 | MOTION FOR SUMMARY JUDGMENT | OF FORECLOSURE | 📝 | 🛒 |
| | 23 | 04/30/2018 | AFFIDAVIT IN SUPPORT OF | OF' PLAINTIFF MOTION FOR SUMMARY JUDGMENT OF FORECLOSURE | 📝 | 🛒 |
| | 24 | 04/30/2018 | EXHIBIT | EXHIBIT "A" - NOTE | 🔄 | |
| | 25 | 04/30/2018 | EXHIBIT | EXHIBIT "B" - MORTGAGE | 🔄 | |
| | 26 | 04/30/2018 | EXHIBIT | EXHIBT "C" - CORRESPONDENCE | 📝 | 🛒 |
| | 27 | 04/30/2018 | EXHIBIT | EXHIBIT "D" - CORRESPONDENCE | 📝 | 🛒 |
| | 19 | 03/27/2018 | SUMMONS RETURNED SERVED | CLAIRE CLEMENTS, 3/2/18 | 📝 | 🛒 |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 20 | 03/27/2018 | SUMMONS RETURNED SERVED | HR NORTH DALE MABRY LLC, A FL LLC AT HR TAMPA BAY LLC, REGISTERED AGENT, 3/2/18 | | |
| | 21 | 03/27/2018 | SUMMONS RETURNED NOT SERVED | UNKNOWN TENANT | | |
| ⬇ | 18 | 03/23/2018 | ANSWER | TO COMPLAINT | | |
| ⬇ | 17 | 02/23/2018 | E-FILED SUMMONS ISSUED | X 3 travis.santos@hwhlaw.com ; tricia.elam@hwhlaw.com | | |
| ⬇ | 17 | 02/23/2018 | E-FILED SUMMONS ISSUED | X 3 travis.santos@hwhlaw.com ; tricia.elam@hwhlaw.com | | |
| ⬇ | 17 | 02/23/2018 | E-FILED SUMMONS ISSUED | X 3 travis.santos@hwhlaw.com ; tricia.elam@hwhlaw.com | | |
| | 1 | 02/22/2018 | File Home Location - Electronic | | | |
| | 2 | 02/22/2018 | CIVIL COVER SHEET | | | |
| | 4 | 02/22/2018 | EXHIBIT | A - FILING #68350899 | | |
| | 5 | 02/22/2018 | EXHIBIT | B - FILING #68350899 | | |
| | 6 | 02/22/2018 | EXHIBIT | C - FILING #68350899 | | |
| | 7 | 02/22/2018 | EXHIBIT | D - FILING #68350899 | | |
| | 8 | 02/22/2018 | Plaintiff's Certification Form | | | |
| | 9 | 02/22/2018 | EXHIBIT | A - FILING #68350899 | | |
| | 10 | 02/22/2018 | LIS PENDENS | | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 11 | 02/22/2018 | VALUE OF MORTGAGE FORECLOSURE REAL PROPERTY CLAIM FORM | | | |
| | 12 | 02/22/2018 | REQUEST FOR DIVISION ASSIGNMENT (E-FILING) | | | |
| | 13 | 02/22/2018 | REQUEST FOR SUMMONS TO BE ISSUED (E-Filed) | | | |
| | 14 | 02/22/2018 | REQUEST FOR SUMMONS TO BE ISSUED (E-Filed) | | | |
| | 15 | 02/22/2018 | REQUEST FOR SUMMONS TO BE ISSUED (E-Filed) | | | |
| | 16 | 02/22/2018 | COMPLAINT | | | |

Showing 1 to 189 of 189 entries

Previous | 1 | Next

 Exit Case Details

© 2021 - Hillsborough County Clerk of the Circuit Court

p

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

DALE MABRY PROPERTIES, LLC, a Florida
limited liability company,

       Plaintiff/Counter-Defendant,

                                    Case No. 19-CA-4824

v.

HR NORTH DALE MABRY, LLC, a Florida limited
liability company and CLAIRE CLEMENTS,
Individually,

       Defendants/Counter-Plaintiffs/Third-Party
       Plaintiffs.

v.

DALE MABRY PROPERTIES, LLC, a Florida
limited liability company; DALE MABRY
CROSSINGS, LLC, a Florida limited liability
company; and CHARTER SCHOOL PROPERTIES,
INC., a Florida corporation,

       Third-Party Defendants.

_____/

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT, AND AMENDED AFFIRMATIVE DEFENSES

       Defendants, HR NORTH DALE MABRY, LLC and CLAIRE CLEMENTS, by and through their undersigned counsel, hereby file this Counterclaim and Third-Party Complaint against DALE MABRY PROPERTIES, LLC; DALE MABRY CROSSINGS, LLC; and CHARTER SCHOOL PROPERTIES, INC., and Amended Affirmative Defenses to Complaint and allege as follows:

EXHIBIT "E"

1

**Exhibit A**

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

1.     Dale Mabry Crossings LLC ("DMC") is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

2.     Dale Mabry Properties LLC ("DMP") is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

3.     Charter School Properties, Inc. ("Charter") is a Florida corporation with its principal place of business in Palm Beach County, Florida.

4.     HR North Dale Mabry, LLC ("HRNDM") is a Florida limited liability company with its principal place of business in Hillsborough County, Florida.

5.     Charter is the managing member of both DMP and DMC.

6.     The subject development is divided into four separate lots: A1, B1, C1, and C2.

7.     Additional land that was to be fully controlled and developed by HRNDM for the A1 and B1 properties was done via two easements, F and D2.

8.     HRNDM purchased A1, and the seller financed the sale and held a mortgage on A1.

9.     HRNDM purchased B1, and the seller financed the sale and held a mortgage on B1.

10.     The owner of A1 is also the owner of Easement D1 and Easement F which are located on C1 and C2.  Easement D2 specifically grants the owner of A1 with sole development rights over the D2 property.

11.     HRNDM entered into a transaction where it sold C1 and C2 to DMC.  DMC developed C1 and C2 into a charter school.  HRNDM continued to own A1 and B1.

12.     There were a number of offsite improvements that needed to occur to benefit all four lots.  Therefore, as part of the C1 and C2 sale, HRNDM and DMC agreed that DMC would

finance and manage a number of offsite costs, and would hold a mortgage on A1 for $337,000 (with the right of set off if the offsite costs were less than $600,000).

13.     It is believed that at this point that DMC engaged in a scheme with the intent of damaging HRNDM and/or Clements and removing any interest they have in the subject project.

14.     DMC engaged in a serious of actions that intentionally damaged HRNDM and its interest in any of the relevant property.  Such actions include:

- DMC and/or Charter caused storm water to drain directly onto A1 and B1 without any permission to do so and flooded both A1, F, and D2 for an extended period of time, some of which is still occurring.

- DMC and/or Charter have not only submitted designs and plans to county departments that include unapproved development on land owned by HRNDM or in which HRNDM has sole full development rights, but DMC and/or Charter have actually effectuated such development over the objections of HRNDM.

- DMC and/or Charter communicated with SWFMD intending and attempting to increase the size of the wetland designation on A1, to provide their storm water pond with an outfall location which they did not have before, which was successful.

- DMC delayed in completing the offsite improvements.

- DMC took the soil from D2, which HRNDM has full development rights over, and used it to build some of the offsite road and some of the school building pad area and refused to acknowledge it and pay for it.

15.     Such damaging actions described above were conducted with the intent of interfering with HRNDM's ability to sell A1 and B1, and such actions did damage HRNDM's interest in the subject property as well as interfere with HRNDM from being able to sell A1 and B1.

16.     HRNDM entered into contracts and negotiations for the sale of portions of A1 and B1 and such sales were not effectuated due to the damaging actions described above and such sales would have been effectuated but for the damaging actions described above.

17.     The sale of either A1 or B1 would have allowed for the note that is the subject of this Action to be paid in full.

18.     DMC and/or Charter actively reached out to the holder of the B1 mortgage attempting to purchase the mortgage.

19.     Upon information and believe DMC and/or Charter similarly actively reached out to the holder of the A1 mortgage attempting to purchase the mortgage that is the subject of this action.

20.     These communications were successful as to A1, which resulted in the assignment alleged in the Complaint.

21.     DMP was created in November 2018 and was the purchaser and assignee of the A1 mortgage/note.

22.     DMP was created by DMC and/or Charter with the intent of foreclosing HRNDM and Clements' interest in A1.

23.     The $337,000 mortgage is the subject of Hillsborough County Case No. 18-CA-001700.

24.     The damaging actions described above were raised in defenses of the $337,000 mortgage action, including in defense of a motion for summary judgment, and it was not until after those items were raised and summary judgment was successfully defended that DMP was created.

25.     Jurisdiction and venue are proper in Hillsborough County because the acts complained of occurred within Hillsborough.

26.     All conditions precedent have been waived and/or completed.

## COUNT I – DECLARATORY JUDGMENT

27.     HRNDM and Clements reallege paragraphs 1 through 26 as if set forth herein.

28.     This is an action against DMP, DMC, and Charter seeking a declaratory judgment determining that DMP is the alter ego of DMC and/or Charter.

29.     DMP was created after HRNDM and Clements had already raised some or all of these matters in Hillsborough Case No. 18-CA-001700.

30.     The damaging actions by DMC and Charter inhibited the ability of HRNDM and Clements to comply with the terms of the note that is the subject of this Action.

31.     Upon information and belief, DMC and/or Charter actively pursued the purchase of the subject note with the intent to foreclose any interest HRNDM and Clements has in A1 after actively inhibiting her ability to comply with that note.

32.     DMP was created by Charter and DMC with the intent of avoiding liability for the claims raised by HRNDM and Clements and/or with the intent of preventing HRNDM and Clements from raising such damaging actions as a defense to the foreclosure.

33.     There is a bona fide, actual, present practical need for this declaration.

34.     This declaration sought is not merely the giving of legal advice or the answer to questions propounded from curiosity.

35.     The declaration sought deals with a present, ascertained, or ascertainable state of facts or present controversy as to a state of fact.

36.     The status of DMP as an alter ego is dependent upon the fact or the law applicable to the facts.

37.     DMC, Charter, and DMP have an actual, present, adverse, and antagonistic interest in this subject matter.

WHEREFORE, Clements and HRNDM request that this Court declare that DMP is the alter ego of DMC and Charter and provide any other relief that this Court deems just.

## COUNT II – TRESSPASS

38.     HRNDM realleges paragraphs 1 through 26 as if set forth herein.

39.     This is an action against DMP, DMC, and Charter for trespass seeking a judgment for damages.

40.     HRNDM is the owner of A1 and B1 as well as Easements D2 and F.

41.     DMP, DMC, and Charter entered onto HRNDM's property without authorization directly and through causing something to enter HRNDM's property.

42.     HRNDM's property has been damaged as a result of this trespass.

WHEREFORE, HRNDM requests that this Court enter a judgment for damages and provide any other relief that this Court deems just.

## COUNT III – CONVERSION

43.     HRNDM realleges paragraphs 1 through 26 as if set forth herein.

44.     This is an action against DMP, DMC, and Charter for conversion seeking a judgment for damages in excess of $30,000.00.

45.     HRNDM is the owner of A1 and B1 as well as Easements D2 and F.

46.     DMP, DMC, and Charter have converted portions of A1, B1, D2, and F to their own use in a wrongful manner that is inconsistent with HRNDM's ownership and interest.

47.     HRNDM's property has been damaged as a result of this conversion.

WHEREFORE, HRNDM requests that this Court enter a judgment for damages and provide any other relief that this Court deems just.

## COUNT IV – TORTIOUS INTERFERENCE

48.     HRNDM realleges paragraphs 1 through 26 as if set forth herein.

49.     This is an action against DMP, DMC, and Charter for tortious interference seeking a judgment for damages in excess of $30,000.00.

50.     HRNDM had a valid contract for the sale of HRNDM's property.

51.     DMP, DMC, and Charter had actual or constructive knowledge of the contract.

52.     DMP, DMC, and Charter took the damaging actions as alleged above intended to disrupt the contract and prevent both parties from proceeding under the contract, and such disruption occurred.

53.     There was no legal justification for the actions of DMP, DMC, and Charter.

54.     HRNDM has been damaged as a result of this intentional interference.

WHEREFORE, HRNDM requests that this Court enter a judgment for damages and provide any other relief that this Court deems just.


## AMENDED AFFIRMATIVE DEFENSES

A.     HRNDM and Clements reallege paragraphs 1 through 23 of the Counterclaim as if set forth herein.  Plaintiff, acting as the alter ego of DMC and Charter, is estopped from bringing some or all of the causes of action alleged.  Plaintiff, DMC, and Charter made representations of material fact including that DMC would complete the offsite improvements in a timely manner. Defendants relied upon those representations to their detriment.

B.     HRNDM and Clements reallege paragraphs 1 through 23 of the Counterclaim as if set forth herein.  Plaintiff's equitable claims are barred due to the doctrine of unclean hands. Plaintiff, acting as the alter ego for DMC and Charter, engaged in improper conduct with the intent of preventing HRNDM from being able to comply with the terms of the A1 mortgage.  Defendants relied upon and have been damages by such misconduct.

C.      HRNDM reallege paragraphs 1 through 23 of the Counterclaim as if set forth herein.  HRNDM is entitled to a setoff in the amount of any money judgment obtained on any of the Counterclaims.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court utilizing the Florida Courts E-Filing Portal system this 6th day of March 2020, which will automatically transmit an electronic copy to:  Seth J. Donahoe, Esq., William C. Davell, Esq., Tripp Scott, P.A., 110 S.E. 6th Street, Suite 1500, Fort Lauderdale, Florida 33301, wcd@trippscott.com; sjd@trippscott.com; jam@trippscott.com; eservice@trippscott.com.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/  *Caitlein J. Jammo*
JOSEPH W. GAYNOR, ESQ.
FBN: 133765
CAITLEIN J. JAMMO, ESQ.
FBN: 105257
911 Chestnut Street
Clearwater, Florida 33756
(727) 461-1818; (727) 462-0365 fax
Primary: josephg@jpfirm.com
Secondary: rainas@jpfirm.com
Primary: caitleinj@jpfirm.com
Secondary: susanu@jpfirm.com
*Counsel for Defendants HR North Dale Mabry,*
*LLC and Claire Clements*

6122512.1



# Case Information

---

Case Number: 19-CA-004824

Uniform Case Number: 292019CA004824A001HC

DALE MABRY PROPERTIES, LLC vs HR NORTH DALE MABRY, LLC

---

🔒 Icon Keys    📘 Summary    👥 Parties    📝 Events\Documents    🖼 Judgments\Documents

📅 Hearings    💲 Financial    📁 File Location    🖼 Related Cases

---

Filter Events Dates:

| From | To | Filter 🔽 |

Show [100 ▾] entries    [Column visibility]    [Excel]    Search: [_____]

[CSV]

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| ⬇ | 91 | 06/30/2021 | NOTICE OF REMOVAL TO FEDERAL COURT | FOR BANKRUPTCY 8:21-BK-1958-MGW | 🔄 | |
| ⬇ | 92 | 06/30/2021 | EXHIBIT | | 🔄 | |
| ⬇ | 88 | 04/21/2021 | SUGGESTION OF BANKRUPTCY | | 📄 | 🛒 |
| | 89 | 04/21/2021 | BANKRUPTCY | | 📄 | 🛒 |
| | 90 | 04/21/2021 | JUDICIAL SALE CANCELLED | | | |
| ⬇ | 87 | 04/09/2021 | PROOF OF PUBLICATION NOTICE OF SALE | BUSINESS OBSERVER | 📄 | 🛒 |
| | 86 | 03/26/2021 | ORDER FROM DCA | 2D20-2968 | 📄 | 🛒 |
| ⬇ | 85 | 03/25/2021 | NOTICE OF SALE | Business Observer | 📄 | 🛒 |

EXHIBIT "F"

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 83 | 02/19/2021 | Per FJ / Order Assignment of Bid Authorized | | | |
| | 84 | 02/19/2021 | FINAL JUDGMENT OF FORECLOSURE | | 🗎 | 🛒 |
| ⬇ | 82 | 01/29/2021 | NOTICE OF FILING | ATTACHED: ORIGINAL NOTE, ALLONGE, MORTGAGE AND COPY OF ASSIGNMENT (MAILED TO CLERK FROM PLNTFF 1/7/21) | 🗎 | 🛒 |
| ⬇ | 79 | 01/21/2021 | NOTICE OF INTENT | | 🗎 | 🛒 |
| ⬇ | 80 | 01/21/2021 | EXHIBIT | | 🗎 | 🛒 |
| ⬇ | 81 | 01/21/2021 | MOTION TO STAY | | 🗎 | 🛒 |
| ⬇ | 78 | 01/14/2021 | AFFIDAVIT OF COMPLIANCE | | 🗎 | 🛒 |
| ⬇ | 77 | 01/07/2021 | NOTICE OF FILING | ATTACHED - ORIGINAL NOTE; ORIGINAL ALLONGE; ORIGINAL MORTGAGE; COPY OF RECORDED ASSIGNEMNT OF MORTGAGE | 🗎 | 🛒 |
| | 76 | 01/05/2021 | NOTICE OF HEARING | 1/25/2021 @ 330PM | 🗎 | 🛒 |
| ⬇ | 75 | 12/30/2020 | NOTICE OF FILING | ATTACHED - AFFIDAVIT OF REASONABLE ATTORNEYS' FEES | 🗎 | 🛒 |
| ⬇ | 74 | 12/29/2020 | NOTICE OF FILING | ATTACHED - AFFIDAVIT OF ATTORNEYS' TIME | 🗎 | 🛒 |
| | 73 | 12/22/2020 | NOTICE OF HEARING | January 18, 2021 3:30 p.m. (1 hour ) | 🗎 | 🛒 |
| ⬇ | 72 | 12/17/2020 | NOTICE OF FILING | ATTCHD DOCUMENTS IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT | 🗎 | 🛒 |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| ⬇ | 70 | 11/02/2020 | MOTION TO - FOR | TRANSFER | | |
| | 71 | 11/02/2020 | ORDER FROM DCA | 2D20-2968 | | |
| ⬇ | 68 | 10/22/2020 | ORDER | DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING IN PART DEFENDANT'S MOTION FOR EXTENSION OF TIME | | |
| | 69 | 10/22/2020 | LETTER TO JUDGE FROM | SETH DONAHOE | | |
| | 67 | 10/13/2020 | ACKNOWLEDGEMENT OF NEW CASE | 2D20-2968 | | |
| ⬇ | 58 | 10/12/2020 | MOTION FOR RECONSIDERATION | OF SEPTMEBER 10, 2020 ORDER | | |
| ⬇ | 59 | 10/12/2020 | EXHIBIT | | | |
| ⬇ | 60 | 10/12/2020 | EXHIBIT | | | |
| ⬇ | 61 | 10/12/2020 | EXHIBIT | | | |
| ⬇ | 62 | 10/12/2020 | EXHIBIT | | | |
| ⬇ | 63 | 10/12/2020 | EXHIBIT | | | |
| ⬇ | 64 | 10/12/2020 | MOTION FOR EXTENSION OF TIME | | | |
| ⬇ | 65 | 10/12/2020 | NOTICE OF FILING | NOT ATTCHD TRANSCRIPT OF PROCEEDINGS | | |
| ⬇ | 66 | 10/12/2020 | TRANSCRIPT OF PROCEEDINGS | | | |
| | 57 | 09/10/2020 | ORDER ON - TO - FOR | | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 56 | 07/29/2020 | AMENDED ORDER | "NEW" REQUIRING ELECTRONIC/TELEPHONIC APPEARANCES FOR 7-30-20 @ 9:00 AM"NEW" REQUIRING ELECTRONIC/TELEPHONIC APPEARANCES FOR 7-27-20 @ 3:30 PM | | |
| | 55 | 07/13/2020 | MOTION FOR PROTECTIVE ORDER | | | |
| | 54 | 07/10/2020 | NOTICE OF HEARING | | | |
| | 53 | 07/06/2020 | MOTION TO DISMISS | | | |
| | 52 | 07/02/2020 | OBJECTION TO NOTICE OF PRODUCTION FROM NON PARTY | | | |
| | 51 | 06/30/2020 | NOTICE OF APPEARANCE | | | |
| | 48 | 06/22/2020 | SUMMONS RETURNED SERVED | DALE MABRY CROSSIOGS, LLC- BY SERVING RA: JOSEPH RAUENHORST 6/5/2020 | | |
| | 49 | 06/22/2020 | SUMMONS RETURNED SERVED | CHARTER SCHOOL PROPERTIES, INC- BY SERVING RA: JOSEPH RAUENHORST 6/5/2020 | | |
| | 50 | 06/22/2020 | NOTICE OF PRODUCTION FROM NON PARTY SUBPOENA ATTACHED | | | |
| | 46 | 06/12/2020 | REQUEST FOR PRODUCTION | | | |
| | 47 | 06/12/2020 | NOTICE OF SERVICE OF INTERROGATORIES | | | |
| | 42 | 05/06/2020 | REQUEST FOR SUMMONS TO BE ISSUED (E-Filed) | | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|--------|----------------|---------------------|------------------|---------|-------|---------|
| ⬇ | 43 | 05/06/2020 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED | | 📄 | 🛒 |
| | 44 | 05/06/2020 | LETTER FROM CLERK | TO ATTORNEY RE: COUNTERCLAIM FEE - caitleinj@jpfirm.com ; susanu@jpfirm.com | 📄 | 🛒 |
| | 44 | 05/06/2020 | LETTER FROM CLERK | TO ATTORNEY RE: COUNTERCLAIM FEE - caitleinj@jpfirm.com ; susanu@jpfirm.com | 📄 | 🛒 |
| ⬇ | 45 | 05/06/2020 | E-FILED SUMMONS ISSUED | x2 - caitleinj@jpfirm.com ; susanu@jpfirm.com | 📄 | 🛒 |
| ⬇ | 45 | 05/06/2020 | E-FILED SUMMONS ISSUED | x2 - caitleinj@jpfirm.com ; susanu@jpfirm.com | 📄 | 🛒 |
| ⬇ | 41 | 04/15/2020 | ANSWER TO COUNTERCLAIM | | 📄 | 🛒 |
| ⬇ | 40 | 03/26/2020 | ORDER GRANTING LEAVE TO - FOR | FILE COUNTERCLAIM AND THIRD-PARTY COMPLAINT, AND AMENDED AFFIRMATIVE DEFENSES | 📄 | 🛒 |
| ⬇ | 38 | 03/06/2020 | MOTION FOR LEAVE TO | - FILE COUNTERCLAIM AND THIRD-PARTY COMPLAINT, AND AMENDED AFFIRMATIVE DEFENSES | 📄 | 🛒 |
| ⬇ | 39 | 03/06/2020 | EXHIBIT | EXHIBIT A - COUNTERCLAIM AND THIRD-PARTY COMPLAINT, AND AMENDED AFFIRMATIVE DEFENSES - COS 03/06/2020 / EXHIBITS NOT ATTACHED | 📄 | 🛒 |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 37 | 02/14/2020 | ORDER | CASE MANAGMENT ORDER DEFENDANT SHALL HAVE 30 DAYS FROM 02/05/20 TO FILE ANY MOTIONS DIRECTED TO PLEADINGS, AND SUCH MOTION SHALL BE HEARD W/N 60 DAYS OF 02/05/20, DISCOVERY SHALL BE CUTOFF IN THIS ACTION ON 07/13/20 02/14/20 | | |
| | 32 | 01/31/2020 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES | | | |
| | 33 | 01/31/2020 | RESPONSE TO REQUEST FOR PRODUCTION | | | |
| | 34 | 01/31/2020 | NOTICE OF INTENT | | | |
| | 35 | 01/31/2020 | EXHIBIT | EXHIBIT 1 | | |
| | 36 | 01/31/2020 | EXHIBIT | EXHIBIT 2 | | |
| | 31 | 01/17/2020 | NOTICE OF HEARING | | | |
| | 29 | 01/15/2020 | MOTION FOR SUMMARY JUDGMENT | | | |
| | 30 | 01/15/2020 | NOTICE OF FILING DEPOSITION | OF DEFENDANT CLAIR CLEMENTS- ATTACHED | | |
| | 26 | 12/11/2019 | REQUEST FOR PRODUCTION | | | |
| | 27 | 12/11/2019 | NOTICE OF SERVICE OF INTERROGATORIES | | | |
| | 28 | 12/11/2019 | NOTICE OF TAKING DEPOSITION | | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 25 | 12/05/2019 | ANSWER AND AFFIRMATIVE DEFENSES | | | |
| | 23 | 12/02/2019 | NOTICE OF TAKING DEPOSITION | | | |
| | 24 | 12/02/2019 | AMENDED NOTICE OF TAKING DEPOSITION | | | |
| | 21 | 11/25/2019 | ORDER ON - TO - FOR | 11/5/19 MOTIONS FOR SUMMARY JUDGMENT HEARING - RESET FOR HEARING ON 2/5/20 @ 11AM | | |
| | 22 | 11/25/2019 | ORDER ON - TO - FOR | 11/5/19 MOTION FOR SUMMARY JUDGMENT HEARING - RESET FOR HEARING ON 2/5/20 @ 11AM | | |
| | 20 | 11/05/2019 | ATTACHMENT | IMPACT PLAN NDM, 3.22.19 | | |
| | 17 | 10/31/2019 | NOTICE OF FILING | AFFIDAVIT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT | | |
| | 18 | 10/31/2019 | AFFIDAVIT IN OPPOSITION | TO MOTION FOR SUMMARY JUDGMENT | | |
| | 19 | 10/31/2019 | EXHIBIT | **A** EFILING # 98210242 | | |
| | 16 | 10/09/2019 | NOTICE OF HEARING | MOTION FOR FINAL SUMMARY JUDGMENT | | |
| | 15 | 10/02/2019 | AFFIDAVIT OF COMPLIANCE | | | |
| | 14 | 08/30/2019 | MOTION FOR SUMMARY JUDGMENT | FINAL | | |
| | 13 | 06/05/2019 | ANSWER | | | |
| | 11 | 05/22/2019 | SUMMONS RETURNED SUBSTITUTE SERVICE | CLAIRE CLEMENTS, 5/16/19 | | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|--------|---------------|---------------------|------------------|---------|-------|---------|
| | 12 | 05/22/2019 | SUMMONS RETURNED SERVED | HR NORTH DALE MABRY, LLC., 5/16/19 | | |
| ⬇ | 9 | 05/09/2019 | LIS PENDENS (RECORDABLE) | | | |
| ⬇ | 10 | 05/09/2019 | E-FILED SUMMONS ISSUED | X 2 wcd@trippscott.com ; jam@trippscott.com ; eservice@trippscott.com | | |
| ⬇ | 10 | 05/09/2019 | E-FILED SUMMONS ISSUED | X 2 wcd@trippscott.com ; jam@trippscott.com ; eservice@trippscott.com | | |
| | 1 | 05/07/2019 | File Home Location - Electronic | | | |
| ⬇ | 2 | 05/07/2019 | CIVIL COVER SHEET | | | |
| ⬇ | 3 | 05/07/2019 | COMPLAINT | | | |
| ⬇ | 4 | 05/07/2019 | LIS PENDENS | | | |
| ⬇ | 5 | 05/07/2019 | REQUEST FOR SUMMONS TO BE ISSUED (E-Filed) | | | |
| ⬇ | 6 | 05/07/2019 | REQUEST FOR SUMMONS TO BE ISSUED (E-Filed) | | | |
| ⬇ | 7 | 05/07/2019 | REQUEST FOR DIVISION ASSIGNMENT (E-FILING) | | | |
| ⬇ | 8 | 05/07/2019 | VALUE OF MORTGAGE FORECLOSURE REAL PROPERTY CLAIM FORM | | | |

Showing 1 to 95 of 95 entries

Previous  | 1 |  Next

 Exit Case Details

© 2021 - Hillsborough County Clerk of the Circuit Court

p

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

DALE MABRY PROPERTIES, LLC, a                    CASE NO. 19-CA-4824
Florida limited liability company,

       Plaintiff,                              GENERAL CIVIL DIVISION: J

v.

HR NORTH DALE MABRY, LLC, a
Florida limited liability company and
CLAIRE CLEMENTS, Individually,

       Defendants.
_____ /

**ORDER GRANTING MOTION TO DISMISS OR SEVER COUNTERCLAIMS**

       THIS CAUSE having been heard on the Joint Motion to Dismiss or Sever Counterclaims

("Motion") filed by Plaintiff/Counter-Defendant Dale Mabry Properties, LLC ("Dale Mabry

Properties") and Third-Party Defendants, Dale Mabry Crossings LLC ("DMC") and Charter

School Properties Inc. ("Charter School"), having reviewed the Motion and having heard the

argument of counsel at the hearing held July 27, 2020, and otherwise being duly advised in the

premises, it is hereby:

       **ORDERED AND ADJUDGED** as follows:

       1.    The Motion is GRANTED, as set forth herein.

       2.    This case is a commercial foreclosure action brought by Dale Mabry Properties

against the Defendants HR North Dale Mabry, LLC and Claire Clements (together the

"Defendants") on a note and mortgage (personally guaranteed by Clements) secured by a parcel

of land owned by HR North Dale Mabry commonly referred to by the parties as "A1." HR North

Dale Mabry also owns a separate parcel of land commonly referred to by the parties as "B1,"

which is subject to a separate note and mortgage in favor of Dale Mabry Crossings, LLC (also

COMPOSITE EXHIBIT "G"

personally guaranteed by Clements), and which is the subject of a foreclosure action in another case: *Dale Mabry Crossings, LLC v. HR North Dale Mabry LLC, et al.* Case No. 18-CA-001700 in the Circuit Court of the Thirteenth Judicial Circuit filed February 22, 2018 (the "DMC Case").

3. On March 6, 2020, Defendants filed their Counterclaim and Third Party Complaint, and Amended Affirmative Defenses (the claims for relief set forth therein as Counts I, II, III, and IV collectively the "Counterclaims"). The Counterclaims in this case allege that, *as part of the transaction with **DMC***, HR North Dale Mabry and DMC agreed to DMC financing and managing a number of offsite improvements intended to benefit both parties' properties and, in exchange, DMC would hold a note and mortgage secured by parcel B1. (Counterclaim, ¶ 12). The Counterclaims then allege misconduct by DMC in connection with the development and offsite improvements which allegedly damaged HR North Dale Mabry, alleging as follows:

- DMC and/or Charter caused storm water to drain directly onto A1 and B1 without any permission to do so and flooded both A1, F, and D2 for an extended period of time, some of which is still occurring.

- DMC and/or Charter have not only submitted designs and plans to county departments that include unapproved development on land owned by HRNDM or in which HRNDM has sole full development rights, but DMC and/or Charter have actually effectuated such development over the objections of HRNDM.

- DMC and/or its agents communicated with SWFMD intending and attempting to increase the size of the wetland designation on A1, to provide their storm water pond with an outfall location which they did not have before, which was successful.

- DMC delayed in completing the offsite improvements.

- DMC took the soil from D2, which HRNDM has full development rights over, and used it to build some of the offsite road and some of the school building pad area and refused to acknowledge it and pay for it.

(Counterclaim, ¶ 14).

**Formatted:** Highlight

4.      In the DMC Case, the Defendants have filed affirmative defenses, as well as an affidavit in opposition to summary judgment, in which they have asserted entitlements to damages and setoff as a result of DMC's alleged misconduct in connection with the development and offsite improvements.

5.      The Defendants' Amended Answer and Affirmative Defenses in the DMC Case alleges the same facts and damages as alleged in the Counterclaims in this action:

> DMC engaged in a series of actions that **_intentionally damaged_** HRNDM and its interest in any of **_the relevant property_**. Such actions include:
>
> - DMC and/or its agents caused storm water to drain directly onto A1 and B1 without any permission to do so and flooded both A1, F, and D2 for an extended period of time, some of which is still occurring.
>
> - DMC and/or its agents have not only submitted designs and plans to county departments that include unapproved development on land owned by HRNDM or in which HRNDM has sole full development rights, but DMC and/or its agents have actually effectuated such development over the objections of HRNDM.
>
> - DMC and/or its agents communicated with SWFMD intending and attempting to increase the size of the wetland designation on A1, to provide their storm water pond with an outfall location which they did not have before, which was successful.
>
> - DMC delayed in completing the offsite improvements.
>
> - DMC took the soil from D2, which HRNDM has full development rights over, and used it to build some of the offsite road and some of the school building pad area and refused to acknowledge it and pay for it.

Defendants have been **_damaged by such misconduct_**. (emphasis added)

6.      Further, in the DMC Case, Defendants asserted a defense of estoppel claiming that DMC "is estopped from bringing some or all of the causes of action alleged. DMC made representations of material fact including that DMC would complete the offsite improvements

*envisioned in the subject note and mortgage* in a timely manner. DMC delayed in completing the offsite improvements. Defendants relied upon those representations to their detriment." (emphasis added).

7.      Additionally, in opposition to a motion for summary judgment on the note and mortgage in the DMC Case, Clements filed an affidavit on June 22, 2018 (prior to commencement of this action), averring that "the *purpose of the Note* [made to DMC] was for HR North Dale Mabry LLC to be able to pay shared expenses related to specific off-site construction costs in accordance with the parties' contract." She further averred that the alleged conduct of DMC in removing soil from D2 damaged Defendants by $262,080, and alleged other offsite development expenses against the note and mortgage in that case. It was based upon this affidavit that the court in the DMC Case determined there were disputed issues of fact on the amount due, precluding summary judgment.

8.      Accordingly, the Counterclaims brought in this case arise out of and relate to the transaction for B1 at issue in the DMC Case, and the underlying factual allegations of the Counterclaims are based upon alleged misconduct of DMC that Defendants have alleged in the DMC Case. Thus, any claims relating to such note, mortgage, or alleged misconduct, are compulsory in the DMC Case and have been improperly brought in this case.

9.      Defendants may not split causes of action, and because the Counterclaims are compulsory to the DMC Case and the same facts and monetary harm have been raised affirmatively by Defendants in the DMC Case, Defendants are precluded from bringing those claims in this case. *See* Fla. R. Civ. P. 1.170(a); *Mims v. Reid,* 98 So. 2d 498, 500—501 (Fla. 1957) ("'The law does not permit the owner of a single or entire cause of action or an entire indivisible demand to divide or split that cause of action so as to make it the subject of several

actions, without the consent of the defendant. All damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all.'").

10.     Accordingly, this Court hereby severs the Defendants' Counterclaims and will allow the Defendants 30 days to move to transfer the Counterclaims to the DMC Case. If the Defendants fail to do so within 30 days, then the Counterclaims shall be dismissed as improperly split.

IT IS ORDERED ~~19-CA-004824 9/10/2020 3:33:59 PM~~ ugust ___, 2020.

**19-CA-004824 9/10/2020 3:33:59 PM**

_____
Circuit Judge

Copies furnished to:
COUNSEL OF RECORD

14246131v1

## IN THE SECOND DISTRICT COURT OF APPEAL
## DISTRICT COURT OF FLORIDA

DALE MABRY PROPERTIES, LLC, a
Florida limited liability company,

     Plaintiff,

v.

HR NORTH DALE MABRY, LLC, a
Florida limited liability company and
CLAIRE CLEMENTS, Individually,

     Defendants.

_____/

Appeal Case No. 2D20-

Hillsborough County
Lower Case No. 19-CA-4824

---

## DEFENDANTS' PETITION FOR CERTIORARI

## ON PETITION FROM THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

---

**JOSEPH W. GAYNOR, ESQ.**
FBN: 133765
josephg@jpfirm.com
**CAITLEIN J. JAMMO, ESQ.**
FBN 105257
caitleinj@jpfirm.com
JOHNSON, POPE, BOKOR,
  RUPPEL & BURNS, LLP
P.O. Box 1368
Clearwater, FL 33757
(727) 461-1818 - telephone
(727) 462-0365 - facsimile

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.......................................................................... ii

TABLE OF AUTHORITIES ............................................................. iii

STATEMENT OF FACTS ................................................................ 1

BASIS FOR INVOKING JURISDICTION ...................................... 4

THE NATURE OF RELIEF SOUGHT............................................ 7

ARGUMENT .................................................................................... 7

CONCLUSION ................................................................................. 9

CERTIFICATE OF SERVICE ........................................................ 10

CERTIFICATE OF COMPLIANCE................................................ 11

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page**

Allstate Ins. Co. v. Kaklamanos,
      843 So. 2d 885 (Fla. 2003) ....................................................... 5

Bd. of Regents v. Snyder,
      826 So. 2d 382 (Fla. 2d DCA 2002) ....................................... 4

Haines City Cmty. Dev. v. Heggs,
      658 So. 2d 523 (Fla. 1995) ....................................................... 5

Ivey v. Allstate Insurance Co.,
      774 So. 2d 679 (Fla. 2000) ....................................................... 5

Reeves v. Fleetwood Homes of Fla., Inc.,
      889 So. 2d 812 (Fla. 2004) ....................................................... 4

Tracey v. Swanholm Cent., LLC,
      223 So. 3d 448 (Fla. 2d DCA 2017) ...................................... 5,6

Mims v. Reid,
      98 So. 2d 498 (Fla. 1957) ....................................................... 8

Gaynon v. Statum,
      10 So. 2d 432 (Fla. 1942) ....................................................... 8

## **STATEMENT OF FACTS UPON WHICH PETITIONER RELIES**

This Petition arises out of Hillsborough County Case No. 19-CA-4824 (the "A1 Case") between HR NORTH DALE MABRY, LLC ("HR NDM"), and DALE MABRY PROPERTIES, LLC ("DMP").  However, the A1 Case is one of two cases between some iteration of these parties.  The other case is Hillsborough County Case No. 18-CA-001700 (the "B1 Case") between HR North Dale Mabry and DMC.  The subject of this Petition is an Order granted a Motion to Dismiss or Sever.

Both cases involve a multi-parcel land development that is divided into four separate lots: A1, B1, C1, and C2.  APP 000263.  HR NDM purchased A1, and the seller financed the sale and held a mortgage on A1.  APP 000243.  HR NDM purchased B1, and the seller financed the sale and held a mortgage on B1.  APP 000243.  Additional land that was to be fully controlled and developed by HR NDM for the A1 and B1 properties was done via two easements, F and D2.  APP 000243.  The owner of A1 is also the owner of Easement D2 and Easement F which are located on C1 and C2.  APP 000243.  Easement D2 specifically grants the owner of A1 with sole development rights over the D2 property.  APP 000243.

HR NDM entered into a transaction where it sold C1 and C2 to DMC.  APP 000243.  DMC developed C1 and C2 into a charter school, and HR NDM continued to own A1 and B1.  APP 000243.  There were a number of offsite improvements

1

that needed to occur to benefit all four lots.  APP 000018-21.   Therefore, as part of

the C1 and C2 sale, HR NDM and DMC agreed that DMC would finance and

manage a number of offsite costs, and would hold a mortgage on B1 for $337,000

(with the right of set off if the offsite costs were less than $600,000).  APP 000018-

21.   A1, the underlying suit, relates to A1, and the B1 Case relates to B1.

### B1 Case

The B1 Case is DMC's suit on the $337,000.00 mortgage, seeking to foreclose

upon HR NDM's interest in B1.  APP 000007.   The substance of the B1 Case is a

determination of the amount of the offsite costs and offsets and, therefore, the

amount of the note at issue.  APP 000007.   DMC has since expanded the litigation

to include additional claims relating to a subsequent transaction, unrelated to this

Action.  HR NDM defends the B1 Case by disputing the amount of the note owed

and by seeking setoffs for damages incurred by DMC removal of dirt, delays in

completing the offsites, and trespass.  APP 000024-26.

### This Action/A1 Case

The A1 Case started as a foreclosure action by DMP against HR NDM and

Clements.  APP. 000111-117.  HR NDM has defended liability by asserting that

DMP's conduct—through its related parties DMC, Charter School Properties, Inc.

("CSP"), and Rauenhorst—estops and otherwise prevents it from bringing the A1

Action.  APP. 000197.  This was later expanded to HR NDM's seeking the entry of a judgment for damages against DMP, DMC, CSP, and Rauenhorst for the same conduct that damaged A1 and Easement D2, over which the owner of A1 has sole development rights.  APP. 000242-49.

The alleged damages included the harm caused by storm water draining directly onto A1, flooding on A1 and D2, and submitting designs that include improvements unto D2 without authorization.  APP. 000244.  The Counterclaim seeks a judgment for damages for such damages to A1—not damages to B1.  APP. 000242-249.  For instance, the storm water drainage onto and flooding of A1 and D2 damaged not only the value of A1 and D2 but also HR NDM's ability to sell A1 and D2.  APP. 000244-245.  This damage to A1 serves not only as the basis for the Counterclaim but also as the basis for the affirmative defenses in this Action for HR NDM lost contracts for the sale of A1 that would have resolved the note and mortgage on A1 as a direct result of these damages.  APP. 000248-249.

The issue raised previously in response to HR NDM's defense was that DMP should not be held responsible for the acts of DMC or CSP.  APP 000200-201.  The Counterclaim alleges that DMP was created with the intent to shield DMC, CSP, or Mr. Rauenhorst from liability arising out of their conduct.  APP 000243-248.  Even prior to discovery being completed, HR NDM can show the following connections, which show one common thread—Mr. Rauenhorst:

3

a. DMP has Mr. Rauenhorst as its registered agent and CSP as its manager, APP. 000339-342;

b. DMC has Mr. Rauenhorst as its registered agent and CSP as its manager, APP. 000330-338;

c. CSP has Mr. Rauenhorst has its registered agent and its manager, APP. 000313-324;

d. DMP, DMC, CSP, and Mr. Rauenhorst are all represented by the Tripp Scott Law Firm, APP. 000305-308;

e. DMP was created after HR North Dale Mabry successfully defended summary judgment in the B1 Case, APP. 000007, 339-342; and

f. DMC sent a lot of correspondence trying to purchase A1 and B1, APP. 000305-308.

Therefore, there is a sufficient factual basis for the Counterclaim to proceed on an alter ego argument—at least at this procedural stage.  See APP. 000343, 310-312,

## BASIS FOR INVOKING JURISDICTION

HR NDM and Clements ask this Court to grant certiorari pursuant to Florida Rule of Appellate Procedure 9.100 as this is a nonfinal order of a lower trial that is not subject to interlocutory appeal.  Albeit rarely, Florida appellate courts may grant certiorari jurisdiction to review a trial court's denial of a motion to dismiss where the petition establishes "'(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on post judgment appeal.'" Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004); Bd. of Regents v. Snyder, 826 So. 2d 382, 387 (Fla. 2d DCA 2002).  Specifically, certiorari is permitted where the lower court departed

from the essential requirements of law. <u>Allstate Ins. Co. v. Kaklamanos</u>, 843 So. 2d 885, 889 (Fla. 2003) (citing <u>Haines City Cmty. Dev. v. Heggs</u>, 658 So. 2d 523, 525 (Fla.1995)).

While this requirement is something above simple legal error, a court should grant certiorari "where there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." <u>Kaklamanos</u>, 843 So. 2d at 889 (citing <u>Ivey v. Allstate Insurance Co.</u>, 774 So. 2d 679, 682 (Fla.2000)). Such clearly established law should not be interpreted in an overly narrow manner and can originate in "recent controlling case law, rules of court, statutes, and constitutional law." <u>Kaklamanos</u>, 843 So. 2d at 889.

Here, the error rises to the level of a miscarriage of justice because the result is litigating the same issues both the A1 Case and the B1 Case with the potential for inconsistent rulings. <u>See</u> <u>Tracey v. Swanholm Cent., LLC</u>, 223 So. 3d 448, 451 (Fla. 2d DCA 2017) (granting the petition for certiorari in the context of a denial of a motion to consolidate because of the risk of repugnant and inconsistent results). If the Order is permitted to stand, the possible outcomes show the impropriety of this result. For instance, in this Action/the A1 Case, the trial court could factually find in favor of HR NDM on its affirmative defenses that DMP was created with the intent to shield DMC, CSP, and Mr. Rauenhorst from their acts that prevents HR

NDM from paying off the A1 mortgage—such determination would not entitle HR NDM to damages for such conduct as it is only as an affirmative defense.  At the same time, the Court in the B1 Case could factually find against HR NDM as to the Counterclaim (after transferred to the B1 Case) that DMP was not created with the intent to shield DMC, CSP, and Mr. Rauenhorst such that HR NDM does not receive a judgment for damages.  In that potential outcome, the two courts would have made inconsistent rulings.

This material injury is not remedied on a post-judgment appeal.  Should there be inconsistent results, any such appeal would be likely with an abuse of discretion standard entitled to deference.  The issue then becomes which result is the correct result.  For instance, this Court granted the petition for certiorari in <u>Tracey</u> when the trial court denied a motion for consolidation because there was a substantial risk of inconsistent verdicts.  223 So. 3d at 451-52.  Specifically, an estate brought two wrongful-death cases regarding two unrelated accidents, and this Court noted that keeping those matters separate could result in inconsistent verdicts where the estate would have no recourse.  <u>Id.</u> at 452.  Similarly here, there is a very real risk of a judge making a determination in the B1 Case that conflicts with the determination in the A1 Case.  Therefore, this Court should grant this Petition for Certiorari and quash the trial court's denial of the motion to dismiss.

## THE NATURE OF RELIEF SOUGHT

Defendants ask this Court to grant this Petition for Certiorari and reverse the Order Granting Motion to Dismiss or Sever Counterclaims.

## ARGUMENT

The basis raised for the motion to sever was that the counterclaim was improperly joined to the A1 Case rather than the B1 Case. However, misjoinder is not present here. The basis of the Counterclaim is that the damage caused to A1 has not only caused damages to the property that is the subject of A1 but have also prevented the sale of the A1. There is no doubt that there is overlap in the factual background of the B1 Case and this Action—they involve adjacent properties, the same development, and the same or related parties. The subject land in each case is adjacent, and each parcel benefits from the offsite improvements. Further, the acts leading to the damages to A1 that are the subject of the Counterclaim also affected B1 due to its proximity.

However, HR NDM is not seeking damages in B1—only a setoff for the dirt removed due to the agreement of the parties. The remainder of the original B1 Case involves an accounting to determine the amount of principal on the subject note and whether DMC's actions prevent DMC from bringing the B1 Case. Such

determinations do not overlap with the Counterclaim here seeking a judgment for damages for the damage done to A1.

Seeking the same damages is the tell-tale sign of an improperly joined claim. See e.g. Mims v. Reid, 98 So. 2d 498 (Fla. 1957); Gaynon v. Statum, 10 So. 2d 432 (Fla. 1942).  For instance, in Mims, the plaintiff filed two separate actions against the same defendant from the same motor vehicle accident, and that was found to be improper.  98 So. 2d at 499. Such is not present here.  In B1, HR NDM disputes the amount owed in the $337,000 note as well as if there is an offset for the D2 dirt removed; and in the Counterclaim in A1, HR NDM defends the foreclosure and seeks the imposition of damages for harm caused to A1.  These are not the same damages as was present in Mims.

HR NDM's position as to the B1 Case is that there is a dispute regarding the amount owed (if any) on the $337,000 note.  While the Motion to Dismiss or Sever relies upon the affidavit in opposition to the B1 motion for summary judgment, such affidavit actually supports the fact that the B1 Case is focused solely on accounting issues rather than on the damages caused to the A1 parcel.  APP. 000024-26.

## **CONCLUSION**

Therefore, Defendants request that this Court grant this Petition for Certiorari, reverse the Order Granting Motion to Dismiss or Sever Counterclaims, and provide any other relief that this Court deems just.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

electronically filed with the Clerk of the Court utilizing the Florida Courts E-Filing

Portal system this October 12, 2020, which will automatically transmit an electronic

copy to:

William C. Davell, Esq.
Seth J. Donahoe, Esq.
TRIPP SCOTT, P.A.
110 S.E. 6th Street – 15th Floor
Fort Lauderdale, FL 33301
wcd@trippscott.com
sjd@trippscott.com
jam@trippscott.com
eservice@trippscott.com

Shane T. Costello, Esq.
A. Evan Dix, Esq.
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida 33602
shane.costello@hwhlaw.com
melissa.huff@hwhlaw.com
evan.dix@hwhlaw.com
terrina.mcdonald@hwhlaw.com


JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/  *Caitlein J. Jammo*
JOSEPH W. GAYNOR, ESQ.
FBN: 133765
CAITLEIN J. JAMMO, ESQ.
FBN: 105257
911 Chestnut Street
Clearwater, Florida 33756
(727) 461-1818; (727) 462-0365 fax
Primary: josephg@jpfirm.com
Secondary: rainas@jpfirm.com
Primary: caitleinj@jpfirm.com
Secondary: susanu@jpfirm.com
*Counsel for Defendants HR North Dale*
*Mabry, LLC and Claire Clements*

10

## <u>CERTIFICATE OF COMPLIANCE</u>

I HEREBY CERTIFY that the foregoing brief has been prepared in Times New Roman 14-point font pursuant to Florida Rules of Appellate Procedure 9.100(l).


/s/Caitlein J. Jammo _____

CAITLEIN J. JAMMO

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

DALE MABRY PROPERTIES, LLC, a                CASE NO. 19-CA-4824
Florida limited liability company,

      Plaintiff,                                          GENERAL CIVIL DIVISION: J

v.

HR NORTH DALE MABRY, LLC, a
Florida limited liability company and
CLAIRE CLEMENTS, Individually,

      Defendants.

_____ /

## MOTION FOR EXTENSION OF TIME TO FILE MOTION TO TRANSFER

HR NORTH DALE MABRY, LLC, a Florida limited liability company and CLAIRE CLEMENTS request that this Court reconsider its September 10, 2020 Order and argue:

1.    This Court ruled that the Counterclaim should be severed and was improperly joined into this case but rather is compulsory to Case No. 18-CA-001700.

2.    The Court provided thirty days for Defendants to file an appropriate motion to transfer the Counterclaim and Third-Party Complaint into Case No. 18-CA-001700.

3.    However, a Motion to Reconsideration and Defendants' Petition for Writ of Certiorari requesting review of that Order are currently pending.

4.    Defendants request that this Court grant an extension of time to file such motion to transfer pending the resolution of the motion for rehearing and petition.

5.    In the alternative, to the extend that this Court is not inclined to grant this Motion, Defendants ask this Court to transfer the Counterclaim to Case No. 18-CA-001700.

WHEREFORE, HR North Dale Mabry and Claire Clement request that this Court grant an extension of time to seek transfer of the Counterclaim and Third-Party Complaint, alternatively

1

transfer the Counterclaim and Third-Party Complaint, and provide any other relief that this Court deems just.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court utilizing the Florida Courts E-Filing Portal system this 12th day of October 2020, which will automatically transmit an electronic copy to:

William C. Davell, Esq.
Seth J. Donahoe, Esq.
TRIPP SCOTT, P.A.
110 S.E. 6th Street – 15th Floor
Fort Lauderdale, FL 33301
wcd@trippscott.com
sjd@trippscott.com
jam@trippscott.com
eservice@trippscott.com

Shane T. Costello, Esq.
A. Evan Dix, Esq.
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida 33602
shane.costello@hwhlaw.com
melissa.huff@hwhlaw.com
evan.dix@hwhlaw.com
terrina.mcdonald@hwhlaw.com

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/  Caitlein J. Jammo
JOSEPH W. GAYNOR, ESQ.
FBN: 133765
CAITLEIN J. JAMMO, ESQ.
FBN: 105257
911 Chestnut Street
Clearwater, Florida 33756
(727) 461-1818; (727) 462-0365 fax
Primary: josephg@jpfirm.com
Secondary: rainas@jpfirm.com
Primary: caitleinj@jpfirm.com
Secondary: susanu@jpfirm.com
*Counsel for Defendants HR North Dale Mabry,*
*LLC and Claire Clements*

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

DALE MABRY PROPERTIES, LLC, a
Florida limited liability company,

                Plaintiff,

v.

HR NORTH DALE MABRY, LLC, a
Florida limited liability company and
CLAIRE CLEMENTS, Individually,

                Defendants.

_____ /

CASE NO.  19-CA-4824

GENERAL CIVIL DIVISION: J

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING IN PART DEFENDANT'S MOTION FOR EXTENSION OF TIME

THIS CAUSE having been heard on the Defendant HR North Dale Mabry, LLC's Motion for Reconsideration and Motion for Extension of Time to Transfer, and having reviewed the Motion, and otherwise being duly advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1.    The Motion for Reconsideration is **DENIED**.

2.    The Motion for Extension of Time to Transfer is **GRANTED IN PART**. HR North Dale Mabry, LLC shall have 10 days from the date of this Order to move to transfer its counterclaims, counts I, II, III, and IV (collectively the "Counterclaims"), to *Dale Mabry Crossings, LLC v. HR North Dale Mabry LLC, et al.* Case No. 18-CA-001700 in the Circuit Court of the Thirteenth Judicial Circuit filed February 22, 2018.

IT IS ORDERED in Tampa, Hillsborough County, Florida, on October 21, 2020.

                        Circuit Judge

Copies furnished to:
COUNSEL OF RECORD

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

DALE MABRY PROPERTIES, LLC, a    CASE NO. 19-CA-4824
Florida limited liability company,

     Plaintiff,    GENERAL CIVIL DIVISION: J

v.

HR NORTH DALE MABRY, LLC, a
Florida limited liability company and
CLAIRE CLEMENTS, Individually,

     Defendants.

_____ /

## <u>MOTION TO TRANSFER</u>

HR NORTH DALE MABRY, LLC, a Florida limited liability company and CLAIRE CLEMENTS ask this Court to transfer the Counterclaim and Third-Party Complaint into Case No. 18-CA-001700 and state in support:

1.     On September 10, 2020, this Court ruled that the Counterclaim should be severed and was improperly joined into this case but rather is compulsory to Case No. 18-CA-001700.

2.     The Court provided thirty days for Defendants to file an appropriate motion to transfer the Counterclaim and Third-Party Complaint into Case No. 18-CA-001700 that was extended through this Court's October 21, 2020 Order until November 2, 2020.

3.     While Defendants' Petition for Writ of Certiorari requesting review of the September 10, 2020 Order is currently pending and without waiver of any of the arguments contained within such Petition, Defendants seek to preserve their rights by requesting that the Counterclaim and Third-Party Complaint into Case No. 18-CA-001700 pursuant to the September 10, 2020 Order.

1

WHEREFORE, HR North Dale Mabry and Claire Clement request that this Court transfer the Counterclaim and Third-Party Complaint to Case No. 18-CA-001700 and provide any other relief that this Court deems just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court utilizing the Florida Courts E-Filing Portal system this 2nd day of November 2020, which will automatically transmit an electronic copy to:

William C. Davell, Esq.
Seth J. Donahoe, Esq.
TRIPP SCOTT, P.A.
110 S.E. 6th Street – 15th Floor
Fort Lauderdale, FL 33301
wcd@trippscott.com
sjd@trippscott.com
jam@trippscott.com
eservice@trippscott.com

Shane T. Costello, Esq.
A. Evan Dix, Esq.
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida 33602
shane.costello@hwhlaw.com
melissa.huff@hwhlaw.com
evan.dix@hwhlaw.com
terrina.mcdonald@hwhlaw.com

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/  Caitlein J. Jammo
JOSEPH W. GAYNOR, ESQ.
FBN: 133765
CAITLEIN J. JAMMO, ESQ.
FBN: 105257
911 Chestnut Street
Clearwater, Florida 33756
(727) 461-1818; (727) 462-0365 fax
Primary: josephg@jpfirm.com
Secondary: rainas@jpfirm.com
Primary: caitleinj@jpfirm.com
Secondary: susanu@jpfirm.com
*Counsel for Defendants HR North Dale Mabry, LLC and Claire Clements*